UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT A. C. MURPHY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16CV606-PPS/MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Robert A. C. Murphy, a prisoner without a lawyer, filed a motion to alter or amend the order denying his habeas petition. Because this motion was dated and filed more than twenty-eight days after the entry of the dismissal order, I construe this motion as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). For habeas cases, Rule 60(b) motions on the merits of the claims are considered successive petitions under 28 U.S.C. § 2244. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). By contrast, Rule 60(b) motions relating to a procedural issues, including timeliness, exhaustion, and procedural default, are not considered successive petitions. *Id.* at 533-36.

In the instant motion, Murphy asks for reconsideration on his habeas claims that his confession was inadmissible, that he was deprived of a complete record at the appellate stage of his State post-conviction relief proceedings, and that the evidence at trial was insufficient to support his conviction. These arguments focus on the merits of Murphy's claims and must be treated as a successive petition. "A claim presented in a

second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C.A. § 2244(b)(1). Therefore, these claims will not be reconsidered.

Murphy also argues that the prosecution failed to determine whether DNA from the crime scene matched three male individuals (whom he does not identify) and that his trial counsel and appellate counsel were ineffective for not seeking such additional DNA testing. Murphy did not list this claim with respect to the prosecution or trial counsel in his habeas petition. Absent certain circumstances that are not present here, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(2).

Nevertheless, Murphy arguably raised this claim in his habeas petition with respect to appellate counsel. Because I did not construe Murphy's petition as raising this particular formulation of his ineffective assistance of appellate counsel claim, I will address it here.[1] First, Murphy has not identified the three male individuals, which makes full consideration of this claim impossible, and, by itself, is fatal to this claim. Further, on direct appeal, appellate counsel informed the Court of Appeals of Indiana that the prosecution's DNA expert did not attempt to match the DNA from the scene to

---

[1] In the habeas petition, Murphy asserted that "Appellate Counsel failed to raise DNA test which would have shown Petitioner's actual innocence." I construed this as a claim that appellate counsel should have raised the prosecution's lack of incriminating DNA evidence in a sufficiency of evidence claim on direct appeal.

2

any individuals other than Murphy and his associate, Jeffery Allen. ECF 9-3 at 16. Additionally, I have previously found that the evidence of Murphy's guilt presented at trial was overwhelming, which strongly suggests a lack of prejudice. ECF 25 at 18-20. In sum, Murphy has not shown that this claim regarding his appellate counsel is a basis for habeas relief.

Murphy further argues that his procedurally defaulted claims should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), which states, "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, *Martinez* applies only to trial counsel claims; it does not apply to claims related to appellate counsel, judicial error, or prosecutorial misconduct. *Id.* at 16. I have fully considered all claims related to the performance of Murphy's trial counsel listed in the habeas petition. ECF 25 at 8-9. As a result, I will not further consider the issue of procedural default.

ACCORDINGLY:

Petitioner Robert A. C. Murphy's motion to alter or amend the judgment (ECF 36) is DENIED.

SO ORDERED on May 22, 2018.

                                                               /s/ Philip P. Simon  
                                                               Judge  
                                                               United States District Court